## INTERNATIONAL SEED CO. v. HARTMANN.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

1. JUSTICES OF THE PEACE—JUDGMENT BY DEFAULT—VERIFIED COMPLAINT—PROOF OF SERVICE.

Laws 1881, c. 414, as amended by Laws 1889, c. 472, § 1, provides that the summons and a verified complaint in an action before a justice of the peace shall be attached together, and a personal service thereof made, and the official certificate of the constable making the service shall be sufficient evidence thereof; and section 4 prescribes that, in case the defendant fails to answer the complaint at the time of the return of the summons, he shall be deemed to have admitted the allegations of the complaint, and the court shall, on filing the summons and complaint, with due proof of service, enter judgment for the plaintiff and against the defendant, without further proof.  *Held*, that a justice of the peace was without jurisdiction to enter a judgment for the plaintiff on the defendant's default, where the constable's certificate only related to the service of the summons, and not to the verified complaint.

**2. SAME—WAIVER OF SERVICE—DEMURRER.**

The filing of a demurrer to a verified complaint in an action before a justice of the peace will not be deemed an admission of the service of the complaint on the defendant, where the demurrer was not signed by the defendant, but by his attorney.

Appeal from Nassau county court.

Action by the International Seed Company against Joseph Hartmann. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry P. Keith (John W. Demarest, on the brief), for appellant.

Lincoln B. Haskin, for respondent.

WILLARD BARTLETT, J. An act of the legislature, passed in 1881 and amended in 1889, provides that in certain classes of cases, triable in courts of justices of the peace, the plaintiff may have judgment upon proof of service of the summons and a verified complaint. Chapter 414 of the Laws of 1881, as amended by chapter 472 of the Laws of 1889. Under such circumstances a verified complaint is allowed to take the place of oral or documentary common-law proof, and the allegations of the complaint are deemed to be admitted. The provisions of the statute which it is necessary to consider upon the present appeal are as follows:

"Said summons and complaint shall be attached and shall be served upon the defendant by delivering to and leaving with him, personally, true copies thereof, not less than six nor more than twelve days before the return day thereof, and the official certificate of the constable making such service shall be sufficient evidence thereof." Section 1.

"In case the defendant fails to answer said complaint, as hereinbefore provided, at the time of the return of said summons, he shall be deemed to have admitted the allegations of the complaint as true, and the court shall, upon filing the summons and complaint, with due proof of the service thereof, enter judgment for the said plaintiff and against the defendant, for the amount demanded in such complaint, with costs, without further proof." Section 4.

The case at bar belongs to the class of actions to which the statute applies, and in the justice's court the plaintiff was allowed to take judgment upon the theory that it furnished due proof of the service of a verified complaint. Such proof, however, is not to be found in the justice's return. The constable's certificate of service relates solely to the summons, and contains no statement whatever in reference to the complaint. Upon appeal to the county court the judgment in favor of the plaintiff was reversed on the ground that the justice was without jurisdiction to render judgment upon the verified complaint in the absence of due proof by the constable's certificate or otherwise that such complaint had been served upon the defendant. I have no doubt that the decision of the county judge is right, for the reasons stated by him in his opinion, unless the defendant's conduct in the litigation may be deemed an admission that the verified complaint was served upon him, so that other proof thereof may be dispensed with. A demurrer to the complaint was

interposed by the defendant's attorney, and it is now contended in. behalf of the appellant that this demurrer was equivalent to an admission that a verified complaint had been served by the constable upon the client. In my opinion, we ought not to give this effect to the interposition of the· demurrer. The statute granting to a justice of the peace power to dispense with common-law proof as a prerequisite to the rendition of judgment should be strictly construed. The provisions which have been quoted indicate that it was the intention of the legislature to allow judgment to be taken upon a verified complaint only when the defendant had received actual notice himself that the plaintiff had made oath to the truth of his claim. To insure such notice, the statute required that the verified complaint should be served upon the party. The demurrer which was filed herein does not necessarily show that the defendant had ever seen the complaint; for, as already stated, the demurrer is signed, not by the party himself, but by his attorney. It may well have been that, while the summons was served personally upon the defendant, his attorney found the complaint on file in the justice's court, and that no copy thereof has ever been seen by the defendant to this day. The order of the county court should be affirmed.

Judgment of the county court of Nassau county affirmed, with costs. All concur.